HEIRS OF FRANCESCHI, Plaintiffs and Appellants, *v.* JOSÉ PILAR GONZÁLEZ, Defendant and Appellee.

No. 6559.—Argued January 8, 1934.—Decided January 18, 1934.

*Henry G. Molina* for appellants. *E. Ramos Antonini* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

On July 1, 1933, the District Court of Ponce entered an order directing the plaintiffs herein to pay to the defendant the sum of $1,505 as expenses and attorney's fees. The plaintiffs took an appeal from that order, and the defendant now asks that the appeal be dismissed on the ground that the appellants, instead of electing definitely between the transcript of the evidence and the statement of the case for perfecting the appeal, have instituted both methods simultaneously, thus maintaining a duplicity contrary to law and rendering null and void any statement of the case which might be approved by the district court.

On July 14, 1933, the plaintiffs decided to perfect their appeal by means of a transcript of the evidence, and on that date the court ordered the stenographer to prepare a transcript of all the oral and documentary evidence admitted. On July 15, 1933, Mr. Manuel Clavell, the court's stenographer, was instructed by letter from Mr. Molina to transcribe his stenographic notes in order to prepare a statement of the case. Mr. Clavell wrote to Henry G. Molina, Esq., the attorney for the plaintiffs, suggesting that the latter clear up the inconsistency existing between his wishes as expressed in his letter above referred to and the order of the court providing for a complete transcript of the evidence, includ-

ing the documents offered and admitted. To this communication Mr. Molina replied on the 18th of the same month and stated:

"The sending to you of the letter drafted by me under date of July 15, was an oversight. I intended to have that letter sent only in the event that my client should have decided to act through a statement of the case, but since the transcript of the evidence has been chosen, you must therefore disregard the letter in question."

On the same date of July 18, 1933, a motion was presented to the District Court of Ponce asking for an extension of thirty days to file a draft of the statement of the case. The appellee alleges in his verified motion that on August 2, 1933, or one day before the expiration of the term of 20 days allowed by statute to the stenographer to comply with the order issued on July 14, the appellants presented a motion requesting an extension of time to file a transcript of the record. This motion sought an extension of 60 days in order to file the said transcript of the stenographic notes. On August 2, 1933, the Hon. Domingo Sepúlveda granted the requested extension of 60 days in order that the stenographer might file the transcript of the stenographic notes and of other evidence admitted at the hearing held on May 24, 1933, with regard to the proceeding concerning costs. Subsequently various extensions of 30 days were granted for the filing of the transcript of evidence: on September 29, November 1, and December 1, 1933.

The attorney, Mr. Molina, by way of justification alleges that on July 12, 1933, he prepared two sets of papers to be presented to the District Court of Ponce by his associate, M. León Parra, Esq., one set to be used if it was decided to perfect the appeal by means of a statement of the case and the other in the event that it was decided to perfect it by means of a transcript of evidence prepared by the stenographer pursuant to Act No. 27 of November 17, 1917 (Session Laws, Vol. II, p. 274). Mr. Molina states that on July 18, 1933, an employee of Mr. León Parra inadvertently made

a motion to the District Court of Ponce, requesting an extension of 30 days in order to file a statement of the case. Plaintiffs' attorney, Mr. Molina, says that he did not know that said motion had been presented until he received and read appellee's motion to dismiss the appeal. Mr. Molina thinks that, since the transcript of evidence was requested and ordered in time, and since an extension of time for the preparation and filing of said transcript was timely requested, no reason exists to dismiss the appeal taken by the appellants, the fact being immaterial that the employee of Mr. León Parra, one of the attorneys for the appellants, had made a motion to the court on July 18 requesting an extension of time to file a statement of the case.

This court has held that when an appellant elects the method provided for by Act No. 27 of 1917, after the time prescribed therefor has expired, he can not abandon it in order to resort to a statement of the case. *González* v. *Méndez*, 33 P.R.R. 808.

The record shows that both motions, the one requesting an extension of time to prepare a draft of the statement of the case, and the one under Act No. 27 of 1917, were made within the term fixed by the statute. The appellee admits that within the first ten days after an appeal has been taken, and even after the procedure relative to the transcript of the evidence has been chosen, the court may permit that a statement of the case be substituted, since the appellant has 10 days to prepare said statement; but he argues that in the case at bar, the plaintiffs definitely elected to prepare a statement of the case pursuant to an order granting an extension which expired without said statement having been filed. We do not agree with this reasoning. The election, in any event, became evident when the plaintiffs willingly allowed the term for the statement of the case to expire and extended that of the transcript of evidence. Aside from the fact that Mr. Molina asserts that the motion requesting an extension of time to prepare a draft of the statement of the case was

made through error, we are of opinion that since both motions were presented in time, the appellants were authorized to adopt either one of the two methods.

The correspondence between the attorney and the stenographer can not be taken into consideration, because it was not incorporated in the record nor has it been submitted to this court. It was on July 18 that an extension of time was sought in order to prepare the statement of the case, and that two motions appeared for the first time on the record: the one made on the said date and the one presented on July 14 electing the method of the transcript of the evidence. On August 2, 1933, the appellants requested an extension of 60 days to file the transcript of the stenographic notes and the evidence introduced at the hearing on the memorandum of costs, and they continued to secure extensions for the same purpose in September, November, and December of 1933. All the steps taken by the appellants, with the exception of the request for extension made on July 18, have been directed towards perfecting the appeal by means of the procedure prescribed by the Act of 1917. We are of the opinion that, since the appellants filed both motions before the expiration of the term fixed by the statute, they were entitled to elect one of the two methods, and as they definitely decided upon the one authorized by the Act of 1917, the appeal should not be dismissed.

Mr. Justice Aldrey concurs in the result.